# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Reginald Love, | : |
| | : |
| Plaintiff, | : Civil Action No.: 2:12-cv-02921 |
| | : |
| v. | : JUDGE: |
| | : |
| Newman, Mathis, Brady & Spedale (A | : MAGISTRATE JUDGE: |
| Professional Law Corporation); and DOES 1- | : |
| 10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Reginald Love, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Reginald Love ("Plaintiff"), is an adult individual residing in Hahnville, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Newman, Mathis, Brady & Spedale (A Professional Law Corporation) ("NMBS"), is a Louisiana business entity with an address of 212 Veterans Boulevard, Metairie, Louisiana 70005, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by NMBS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NMBS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to CitiBank N.A. (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to NMBS for collection, or NMBS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  NMBS Engages in Harassment and Abusive Tactics

12.      Plaintiff received written correspondence dated October 16, 2012 from Defendants which stated that Plaintiff owed a total of $20,034.48.

13.      The letter threatened legal action if an immediate payment on the Debt was not made, in which case the Plaintiff "may become responsible for interest, court costs and attorney's

fees, which amount would significantly increase your outstanding balance." These threats caused Plaintiff great anxiety and fear.

14.     After his receipt of the October 16, 2012 letter, Plaintiff placed a call to Defendants in a panic stating that he did not owe $20,000.00 on a credit card; instead, the Debt should have been around $300.00.

15.     During the telephone conversation, a representative of Defendants wouldn't acknowledge the correct amount of the Debt, ignored Plaintiff's dispute of the amount of the Debt and reiterated Defendants' threat of lawsuit if an immediate payment of the Debt was not made.

16.     Rather than supply Plaintiff with verification of the Debt, Defendants sent an "Amended Demand Letter," dated October 19, 2012, to the Plaintiff, which stated that Plaintiff only owed $348.42.

17.     Plaintiff believes and, therefore, alleges, that Defendant's initial correspondence inflated the amount of the Debt as a means to deceive the Plaintiff into making contact with the Defendants.

18.     The October 19, 2012 letter reiterated the Defendants' earlier threats to file suit if an immediate payment was not made on the Debt.  Further, the October 19, 2012 letter threatened to significantly increase Plaintiff's outstanding balance with interest, court costs and attorney fees.

**C.  Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount of the Debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by law or the agreement creating the Debt.

27.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations in an amount to be determined at trial for the Plaintiff;

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 11, 2012

Respectfully submitted,

By:  ___*/s/ Kenneth D. McLean*_____
Kenneth D. McLean, Esq. (LSB No. 30190))
THE McLEAN LAW FIRM, LLC
P.O. Box 38161
Germantown, TN 38183-0161
Telephone: (901) 326-6888
Facsimile: (901) 531-8102
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424